PITTMAN, Justice,
for the Court:
This case involves the construction of a reverter clause in a deed and whether or not the clause was triggered by an act of the Illinois Central Gulf Railroad. The City of Louisville sued Roy Pearson and the Illinois Central Gulf Railroad, alleging that the Railroad, in deeding the property in controversy to Pearson, had abandoned the property, thus triggering the reverter clause and causing the property to revert to the City, the original grantor. After a trial, the chancellor found in favor of the City of Louisville. Pearson has appealed to this Court, assigning as error the trial court’s decision in favor of the City. Finding that the trial court erred, we reverse and render.
I.
By deed dated May 6, 1904, the Town of Louisville, Mississippi, conveyed to the Gulf and Chicago Railway Company, a predecessor of the Illinois Central Gulf Railroad, a certain tract of land containing approximately 18.5 acres. The deed contains two clauses important to this appeal. The first, referred to as the consideration clause, states: “In consideration that the Gulf and Chicago Railway Company will establish at the Town of Louisville, Mississippi, a train crew division or relay station and repair shops and rights-of-way of its railroad.” The deed also contains a revert-er clause which states: “It is expressly *1047 agreed and understood, that said land shall be forever used for the purposes herein indicated and shall revert (soil only) to said municipality of Louisville, Mississippi, if used for any other purpose or abandoned.”
On May 23, 1984, the Illinois Central Gulf Railroad conveyed by quitclaim deed to Roy Pearson, for $30,000.00, approximately 2.66 acres forming part of the right-of-way along the Illinois Central’s track in Louisville. The Railroad reserved a non-exclusive easement for roadway purposes across a gravel drive on the northern part of the property conveyed. It also reserved the right for continued maintenance of the road and other utilities situated on the property. The railroad executed similar quitclaim deeds for property in that area to other parties.
The City of Louisville filed suit against Roy Pearson and the Railroad on December 5, 1984, asking the Winston County Chancery Court to remove the cloud from the City’s title, construe the reverter clause in the deed, dispossess Pearson from the property, and enjoin him from committing waste and making improvements on the tract. Pearson answered, denying that the City was entitled to relief and also denying that the title to the property in question had reverted to the City.
This cause came on for trial on April 7, 1986. Ralph Hathorn, Mayor of Louisville, was the principal witness for the plaintiff. He testified to the general decline of railroad service in Louisville, i.e., the elimination of passenger service, the decline of the condition of the Railroad’s buildings and of the track itself, and the declining number of people employed by the Railroad in Louisville. He admitted on cross-examination that none of this general decline was specific to the property in controversy. He also testified that the City had settled similar lawsuits against others who had originally been defendants in the case at bar. At the end of the City’s case, the Railroad was dismissed as a defendant. Pearson also moved for a directed verdict. The trial court declined this request, finding that the City had proved a prima facie case of abandonment.
Pearson’s first witness was Lloyd Earl Dowdy, a consultant to the G & M Railroad, successor to the Illinois Central in Louisville. Dowdy had worked for the railroad in various capacities in Louisville from 1957 until his retirement in 1982. Dowdy testified that as to Pearson’s land, the railroad was operating in substantially the same way it had operated since 1957. Dowdy also testified that the railroad still daily used the slag and gravel driveway which ran across the property in controversy so that it could access its diesel fuel tanks. Dowdy confirmed that the railroad used the tin building on the Pearson tract for storage, as it had in the past. Roy Pearson then testified, essentially corroborating Dowdy’s testimony as to the use of the property in controversy. He stated that the only action that he had taken concerning the land had been to bulldoze it and fill it in, as the property was low-lying and marsh-like. On cross-examination the City introduced two letters that it had mailed to Pearson, one dated June 21,1984, and the other October 3, 1984, stating that the City claimed ownership of Pearson’s property and any improvements would be made at Pearson’s risk. The trial court also questioned Pearson as to precautions he had taken in investigating the property before he purchased it.
The trial court issued its opinion on May 30,1986. It identified the principal issue in the case as, “did the execution of the deed trigger the reversion provided for in the 1984 [sic] deed.” The trial court found that despite the Railroad’s still substantial operation in Louisville there could be a “partial abandonment of the property or a parcel [sic] conversion to another use which will activate the reversion as to the part of the property so affected.” The trial court ruled that “the conveyance by the Railroad of the parcel here to a totally new party with only limited reservations of easements and no restrictions as to the use of the property constitutes a voluntary abandonment.” The trial court did not find it necessary to decide whether the deed had created a determinable fee in Pearson with the possibility of reverter, or a fee simple subject to a condition subsequent with a right *1048 of entry for condition broken. Under either theory, it found that the City was entitled to recover the land.
II.
As stated, the trial court did not classify the interest created by the deed in question, finding that this was unnecessary. We find that, under Mississippi law, the estate created by the original deed was a fee simple subject to a condition subsequent. The City of Louisville was left with a right of entry for condition broken. Yazoo and M.V.R. Co. v. Lakeview Traction Co., 100 Miss. 281, 290, 56 So. 393, 395 (1911); Hathorn v. Illinois Central Gulf Railroad Co., 374 So.2d 813, 817 (Miss.1979).
One then must consider how this particular estate is affected in a conveyance such as this. We look in particular to a recent case, New Orleans Great Northern Railroad Co. v. Hathorn, 503 So.2d 1201 (Miss.1987), decided after the trial court’s decision in this case. In Hathorn, land was deeded by a private citizen to a railroad for purposes of the construction, maintenance, and operation of the railroad, 503 So.2d at 1201. The deed provided that should the railroad abandon the depot built on the property in question, the land would revert to the grantors. With time the service offered by the railroad declined, and a good portion of the land in controversy had been conveyed to third parties. 503 So.2d at 1202. The grantors’ successors sued the railroad, claiming that because of the conveyance, the railroad had “abandoned” the depot, thus triggering the reverter clause, causing the property to revert to the plaintiffs. The trial court granted summary judgment for the grantors’ successors. This Court reversed the grant of summary judgment, and in doing so discussed the nature of condition subsequents. An important part of that discussion is as follows:
[A] condition subsequent is not necessarily breached by the conveyance of the land. A condition subsequent is attached to the title and runs with it against a subsequent grantee with actual or constructive notice of the condition. In this respect a condition subsequent is treated as a covenant in the deed running with the land. Mississippi follows the rule that it runs with the title. Thus, a showing that the property has been conveyed is not sufficient to establish the right of re-entry on the part of the grantor; there must also be a showing that the grantees who took subject to the condition have breached it.
503 So.2d at 1203 (citations omitted).
It follows that if the interest reserved by the City in the case at bar is a right of entry for condition broken, then the conveyance by the Railroad to Pearson is not sufficient alone to trigger the reverter clause, and the question becomes whether Pearson has used the land for non-railroad purposes or has abandoned it.
III.
It is clear from the record that Pearson has not used the property in question for any purpose other than that followed by the Railroad. The slag and gravel driveway on the tract is still used daily by the Railroad to access its diesel fuel tanks. The metal storage shed is used by the Railroad and Pearson by mutual agreement. This is not to say that Pearson could not breach the condition subsequent, thus triggering the City’s right of entry. It is only to say that is apparent that there has been no non-railroad use of the property in controversy as of yet.
This leaves the question of abandonment. This Court has placed an onerous burden on a party attempting to prove abandonment. “[Proof of] an abandonment must be made to appear affirmatively by the party relying thereon and ... he has the burden to prove the same by clear, unequivocal and decisive evidence. This in accord with the general rule that a forfeiture is not incurred by the use of land for another purpose consistent with the purpose specified.” Burnham v. City of Jackson, 379 So.2d 931, 934 (Miss.1980) (citations omitted).
The trial court and the City rely heavily on City of Laurel v. Powers, 366 So.2d *1049 1079 (Miss.1979), as being dispositive of the issue as to whether a conveyance amounts to a voluntary abandonment. City of Laurel deals with a very specific fact situation, the conveyance of land to a governmental subdivision, and is thus inapplicable to the facts of this case. 366 So.2d at 1083.
We find that from the record and from the applicable authorities that there has been no non-railroad use and no abandonment of the property in controversy by Roy Pearson. Hathorn v. Illinois Central Gulf Railroad Co., 374 So.2d 813, 817-818 (Miss.1979). As of yet the City of Louisville has no right of entry for condition broken concerning this particular property. This suit was simply brought prematurely. While it may be difficult to believe that Pearson does not have some non-railroad use in mind for this property, such presumption does not give rise to a cause of action in this case. The judgment of the trial court is reversed and rendered.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., dissents.
HAWKINS, P.J., not participating.