(76 South. 741)

### Ex parte HOOD. HOOD v. JENKINS.
(7 Div. 907.)

(Supreme Court of Alabama. Nov. 15, 1917.)

Certiorari to Court of Appeals.

Action by R. L. Hood against John Jenkins. Judgment for defendant, and plaintiff petitions for certiorari. Writ denied.

Culli & Martin, of Gadsden, for appellant. J. M. Miller, of Gadsden, for appellee.

GARDNER, J. Petition of R. L. Hood for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of R. L. Hood v. John Jenkins, 75 South. 871, in detinue. Writ denied.

---

(76 South. 901)

### DEES v. PEOPLE'S BANK. (1 Div. 4.)

(Supreme Court of Alabama. Nov. 29, 1917.)

1. APPEAL AND ERROR ☞1057(1)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

In detinue to recover lumber which both parties claimed to have acquired from the B. Company, the exclusion of the testimony of a deputy sheriff as to whether defendant claimed the ownership of the lumber when he levied on it under executions against such company was not prejudicial, where the evidence aside from that particular question clearly showed that defendant was all along claiming the lumber.

2. APPEAL AND ERROR ☞1011(1) — REVIEW — CONFLICTING EVIDENCE.

Where the evidence was in sharp conflict, and the trial court's conclusion on the facts was not plainly and palpably contrary to the weight of the evidence, it will not be disturbed.

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Suit by the People's Bank against J. M. Dees. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Bestor & Young, of Mobile, and T. J. Bedsole, of Grove Hill, for appellant.

GARDNER, J. Detinue suit by the appellee against the appellant for the recovery of 58,000 feet of gum lumber and 22,000 feet of oak lumber. The cause was tried by the court without a jury, and judgment rendered in favor of the plaintiff for 57,896 feet of gum lumber, or its alternate value, which was assessed by the court at $182.50.

Both parties to the suit claimed the lumber from a common source, namely, the Blue Rock Manufacturing Company, a partnership engaged in the operation of a sawmill. The appellee contended that the lumber in question was set apart and delivered to it by the said Blue Rock Manufacturing Company, the delivery being made to one Jerni-

gan as trustee for the appellee bank, and the appellant contended that the same lumber was set apart and delivered to him. Appellant took charge of the lumber, and that he was in possession of the same at the time of the institution of this suit was without dispute. It was the insistence of the appellee that at the time the appellant took the lumber it was in the possession of said Jernigan as its representative, and was moved by the appellant tortiously, and without its consent.

[1] One Cox, a witness for defendant, and a deputy sheriff of Clarke county, testified as to levying upon certain lumber upon executions against the Blue Rock Manufacturing Company, and was asked by the defendant if at that time defendant made any claim of ownership thereto, to which objection was sustained. Whether or not such testimony would have been admissible need not be, and is not, determined, for the reason that we are of opinion that, aside from this particular question, it very clearly appeared in the evidence before the trial judge that the defendant was in fact all along claiming the lumber as his own, and therefore the ruling (in any event) was entirely without prejudice to the defendant.

[2] It is next insisted that the evidence was insufficient to justify the judgment rendered. The testimony was in sharp conflict, and that offered by each of the parties tended to support their respective contentions. The trial court had the witnesses before him, and had an opportunity to observe their demeanor upon the stand. After a careful review of the evidence, we are unwilling to say that the conclusion reached is plainly and palpably contrary to the weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Price v. Price, 199 Ala. 433, 74 South. 381.

We are therefore unwilling to disturb the conclusion of the court upon the facts.

The judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.