(92 South. 551)

**REEVES v. REEVES.    (4 Div. 983.)**

(Supreme Court of Alabama.    April 20, 1922.)

1. **Tenancy in common ⬉3—Corn and hay produced by joint efforts of deceased and his mother on her farm belong to mother and deceased's widow as tenants in common.**

Corn and hay produced by the joint efforts of deceased and his mother on her farm, which deceased was working, and stored in her barn, belong to the mother and deceased's widow as tenants in common; the latter being entitled in the right of deceased.

2. **Confusion of goods ⬉7—Corn belonging to deceased when commingled with mass owned in common with his mother belongs to deceased's widow as tenant in common of mass.**

Where corn belonging to deceased was commingled, without fault, with corn belonging to him and his mother as tenants in common, his widow was entitled to his proportion as a tenant in common in the mass with his mother.

3. **Tenancy in common ⬉38(1)—One cotenant cannot bring action for recovery of specific property against another.**

One tenant in common of goods may not maintain an action for the recovery of specific property, such as detinue, against another.

4. **Evidence ⬉271(17) — Testimony of self-serving declaration by deceased as to his ownership inadmissible in detinue by his widow.**

In detinue by a deceased's widow against his mother, testimony as to a self-serving declaration by deceased of ownership of the property in question should have been rejected.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Action by Lillie Reeves against Mattie Reeves and another for the recovery of property in specie. Judgment for the plaintiff, and the defendant, Mattie Reeves, appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

W. W. Sanders, of Elba, for appellant.

The court erred in admitting the evidence of declaration with reference to the title to the property. 16 Ala. App. 474, 79 South. 148; Jones on Evidence, 439. The title of the property was in the owner of the soil on which it was grown. 89 Ala. 329, 6 South. 756, 6 L. R. A. 617; 67 Ala. 96; 8 A. & E. Ency. of Law, 503.

J. M. Loflin, of Elba, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. Omitting mention of items of property, judgment as to which is not now contested, appellee, claiming in the right of her husband, deceased, brought this statutory action of detinue against appellant to recover 100 bushels of corn, 250 bales of hay, one cow and her calf.

[1-3] Corn and hay: Defendant was the mother of the deceased husband of plaintiff. Deceased, a young man of 26 years, had lived on the land with his mother from birth. The land belonged to his mother. It was shown without dispute that corn and hay—except about 30 bushels of the corn which deceased had raised on another place—was produced by the joint efforts of deceased and his mother, and was stored in her barn. There had been no contract between them in respect of the ownership or division of the crops raised by their joint efforts; deceased had continued to work on the farm in the same general way ever since he was big enough to work. Our judgment is that the hay and so much of the corn as was raised by the joint efforts of deceased and his mother was owned by them—plaintiff in the right of her deceased husband—as tenants in common. The 30 bushels of corn belonged, of course, to plaintiff; but her husband had commingled it with the other corn in the barn—without any fault on any part, so far as appears (38 Cyc. 11, 12)—thus creating a tenancy in common in the mass. Plaintiff is entitled to one-half the hay and her just proportion of the corn, but we are unable to see how her rights can be made effectual by an action for the recovery of specific property. Smith v. Rice, 56 Ala. 417.

[4] Cow and calf: The evidence as to their ownership was in conflict, though the weight of it, perhaps, inclined to the claim of defendant. The testimony of Moore as to the self-serving declaration of ownership

by deceased should have been rejected. Barfield v. Evans, 187 Ala. 579, 65 South. 928.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.