(119 So. 11)

## COMMONWEALTH LIFE INS. CO. v. BARR.
### (6 Div. 118.)

Supreme Court of Alabama. Nov. 8, 1928.

Rehearing Denied Dec. 20, 1928.

Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

Benton, Bentley & Moore, of Bessemer, for appellee.

BOULDIN, J. The action is on a policy of life insurance.

Under the pleadings and proof, the issue upon the trial was narrowed to one question of fact, viz. Was the first premium paid upon the policy prior to the death of the insured?

Appellant insists it was entitled to the affirmative charge on the evidence. The recited consideration of the policy was the payment of the initial premium at the time of delivery and later premiums as stipulated.

The insured stipulated:

"The company shall not be liable until the application has been received, approved, the policy issued thereon by the company and delivered to me and premium paid during my good health."

Plaintiff's evidence showed the policy was handed to the insured, Earnest B. True, by G. W. Adams, local superintendent and active agent of the insurer, in procuring the application and in delivering the policy; that the insured retained possession and control thereafter until he was killed a week later. The policy was in possession of the beneficiary and offered in evidence on the trial.

The possession of the policy fully executed was evidence of a completed and binding contract; such evidence, unexplained, raised a presumption of payment of the first premium according to its terms. It made a prima facie case, casting the burden of proof on defendant.

This rule, we think, is supported by sound reason and authority, and is in keeping with the general law of contracts. 32 C. J. p. 1204, § 335; 33 C. J. p. 105, § 823; Id. p. 110, § 830; National Life & Accident Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571.

Mr. Adams, for defendant, testified that, on receiving the policy from the home office of the company, he called upon the insured in person at his place of work to deliver the policy and collect the premium; that he handed the policy to the insured, who then advised him he did not have the money in hand, and requested him to call in the afternoon of the same day; that he did call, and was requested to call the next day, with assurance that the money would be in hand; that on the second call the money was not paid, and, on request, similar calls were made the second and third days; that, no payment being made, it was arranged that the insured call Mr. Adams when he was ready to pay the premium; that no such call was received, and no payment was ever made.

Plaintiff's witness, Kelly Harris, testified

to seeing Mr. Adams hand Mr. True the policy, but not to seeing any payment made.

Mr. Perry, for plaintiff, testified to seeing Mr. Adams at the same place after the delivery of the policy, and before Mr. True was killed.

This testimony, so far as it goes, is corroborative of that of Mr. Adams.

In answer to interrogatories filed to defendant, it was stated that the policy was handed to Mr. True to look over, and, if approved, the premium was to be paid on Mr. Adams' return, but that it was never paid. The answers were sworn to by Mr. Adams.

Appellee insists this evidence is in contradiction of the statements of Mr. Adams on the stand, and tends to impeach his credibility. Whatever of variance appears between his statements relates to the explanation or excuse of the witness for the unbusinesslike act of turning over the policy to the insured without collecting or obtaining a showing for the premium. The vital fact of nonpayment appears in all his testimony.

■■ It appears without conflict that, on the next day after the insured was killed, Mr. Adams went to the place where the policy had been delivered and where it still remained, and, finding the policy in the hands of friends of the insured, who were then reading it, reclaimed the policy, and returned it to his company for cancellation. The plaintiff, on the trial, stressed this feature as showing misconduct on the part of Mr. Adams. Letters written to the company by plaintiff's counsel criticizing such conduct were admitted in evidence over the objection of defendant. The policy was returned on demand. The fact that it was in possession of the insured at the time of his death was not questioned. These letters were self-serving declarations, having no material bearing on the case. The record discloses no motive for the recaption of the policy other than to protect the company against a colorable but ineffective obligation. Not commending the retaking of the policy without consultation with the beneficiary, and advising her of the facts, no fair inference of a fraudulent purpose going to the credit of the witness can be drawn.

■ We have reached the conclusion- that defendant was due the affirmative charge with hypothesis.

The policy contained no express acknowledgment of receipt of premium. The prima facie case for plaintiff arose from circumstances raising a rebuttable presumption.

■ Many such cases arise, casting the burden of an affirmative defense upon defendant by testimony in explanation and avoidance of a presumption which is otherwise indulged. When the facts appear by clear and uncontroverted evidence, leaving no ground for reasonable inference to the contrary, the affirmative charge is due. When such evidence is in parol, a directed verdict by peremptory instruction may not be given. It must be with hypothesis, if the jury believe the evidence. The credibility of witnesses is for the jury.

We conclude the refusal of such charge in this case was error. Satterfield v. Fidelity Mut. Life Ins. Co., 171 Ala. 429, 55 So. 200; Batson v. Fidelity Mut. Life Ins. Co., 155 Ala. 265, 46 So. 578, 130 Am. St. Rep. 21; Powell v. Prudential Ins. Co., 153 Ala. 611, 45 So. 208; W. O. W. v. Hackworth, 200 Ala. 87, 75 So. 463; Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Massey v. Pentecost, 206 Ala. 411, 90 So. 866; Ætna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351; Freeman v. Southern L. & H. Ins. Co., 210 Ala. 459, 98 So. 461; Tullis v. Blue, 216 Ala. 577, 114 So. 185.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.