(124 So. 875)

### GINSBERG v. HAAS et al.   (7 Div. 902.)

Supreme Court of Alabama.. Oct. 17, 1929.

As Modified, on Denial of Rehearing, Dec. 19, 1929.

Motley & Motley, of Gadsden, for appellant.

Hood & Murphree, of Gadsden, for appellees.

THOMAS, J. ■ The question presented by the appeal is that, for sustaining objection (to Haas) as to whether he knew the goods subject to landlord's lien were being moved next door. All the evidence showed such fact, and, on cross-examination, that defendant at the time told witness he was going to occupy both stores. The place to which the goods were being moved was not a controverted fact, and was nevertheless testified to by the other witness. In this ruling there was no error.

■ The affirmative charge was properly given for plaintiff. The trial was in October, 1928, and at that time all the rent was due and agreed upon. The suit was brought originally on November 10, 1927; the amended affidavit was filed without objection, alleging two grounds—one being that rent for the current month was past due, and the other that defendant was moving all his property from the rented premises without paying the rent for the term; and this was of date of September 24, 1928.

The contention of plaintiff is that it was payable in advance by their agreement acted upon. This question of fact was submitted to the jury in the abatement suit, and the contention of plaintiff as to this was sustained; that is to say, when the court gave the affirmative charge for plaintiff, it had been judicially determined that the rent was payable in advance as per contract of plaintiff and defendant. In this action we find no reversible error.

The decision of Seals Piano & Organ Co. v. Bell, 196 Ala. 290, 71 So. 340, is not of application in this case for rent due and unpaid. In the Seals Case, the ground of attachment was that for the fraudulent disposition of the defendant's property on which there was a rent lien. The holding was that the mere removal of the goods to another store or place (without more) was not a fraudulent disposition of the property as charged. The affidavit in the instant case makes no charge of fraudulent disposition or removal, but is rested on another and different statutory ground. It is "that Nathan Ginsberg is justly indebted to I. Haas and Joe Kahn in the sum of Two Hundred and Fifty Dollars, which said amount is justly due after allowing all just offsets and discounts, and that the said Nathan Ginsberg is removing his affects from the rented premises rented by him from the plaintiffs without paying the rent, and that this attachment is not sued out for the purpose of vexing or harassing the said defendant or other improper motive."

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.