(131 So. 889)

**PILOT LIFE INS. CO. OF GREENSBORO, N. C., v. HAWKINS.**

**6 Div. 717.**

Supreme Court of Alabama.

Jan. 15, 1931.

H. H. Grooms and Coleman, Coleman, Spain & Stewart, all of Birmingham, for appellant.

Crampton Harris and Frank W. Smith, both of Birmingham, for appellee.

THOMAS, J.

The suit was upon a policy of insurance that was for a term of one year from January 26, 1927, and provided for extension from year to year for the same premium. The verdict was for plaintiff, and questions now assigned were embraced in motion for new trial that was overruled.

The question at issue arose from the contention of defendant that the policy was not of force for failure of payment of premium due January, 1928. The controverted question of fact was the payment vel non of the January installment of premium of $10.

The defendant's answers to interrogatories denied that the premium for January, 1927, and that for January, 1928, had been paid. Its agent on the trial admitted that on January 26, 1927, assured paid the premiums due, and by such agent he was given the company's receipt that was in evidence; and that such fact and payment were duly reported by said general agent to defendant company.

The insistence was first made that, if mistaken in fact, the first premium was not paid; that "this policy was never in full force and effect for the reason that no part of the premium has ever been paid on the policy"; that the "policy was never cancelled for the reason that there was nothing to cancel. The policy was never in force and effect." And thereafter at the trial the insistence of nonliability was nonpayment of the second premium due in January, 1928. There was offered in evidence a check for $10 dated March 24, 1928, and returned by the bank after the death of deceased with the notation thereon "account closed"; the assured was killed on March 25, 1928. There was evidence that on the last-stated date there were not sufficient funds in the bank to pay the check. As to the real effect and purpose of the deceased and payee of the check, it was contended by plaintiff that said check was not for premiums on the policy, but was for an individual transaction between the parties; that said premium was paid in January theretofore and evidenced by the company's receipt to that effect, which receipt is before us. The contention of defendant was that it was for the belated payment of the January premium.

Plaintiff testified that she received that receipt, in January, 1928, from the husband-assured, and that he came to his death by accident in March. The witness, theretofore defendant's general agent, testified that the receipt was not delivered until in March "on the acceptance of the cash or check which I (he) would consider the same as cash." The check was cashed by the payee at "Lonto's Café, Gulas Bros."

The direct conflicts in evidence and reasonable tendencies thereof made a jury question. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The learned trial court so ruled, and properly instructed the jury without exception being reserved to the statement that "the question has boiled down * * * to whether or not this colored Doctor * * * paid that premium or whether he did not."

To advert to the evidence, it will be noted there is an admission against interest by the defendant in the home office's letter in evidence of date of May 4, 1928. If this premium had not been paid within the period of grace, it is insisted that the company would not have considered assured a policyholder, and would not have advised of the termination of its contract or general agency with the agent named, and advised that all payments thereafter be made direct to the general office. In the admission of that letter in evidence, as a tendency of admission against interest and as illustrating its former relations with that agent, there was no error. It will be unnecessary to detail the testimony of said former agent as a witness, or that of plaintiff. It was the subject of consideration by the jury having the witness before them.

It is established that receipts for money are prima facie evidence of payment, and may be explained or denied, Code, § 7660;

Wye Shipping Co., Ltd., v. Hunter, Benn & Co., 211 Ala. 326, 100 So. 475; Gravlee v. Lamkin, 120 Ala. 210, 24 So. 756; that the insurer has the burden of showing nonpayment of subsequent premiums after issue and delivery of policy, and the introduction of the policy makes out a prima facie case, Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11. The evidence presented a conflict. Jones v. Bell, 201 Ala. 336, 77 So. 998. The previous receipts are in evidence; the burden of proof of going forward was upon defendant.

■ The authority of agent Hawkins being in parol so far as this evidence shows, it was competent to ask him "whether or not it was your (his) custom and practice to deliver receipts before you (he) got the money." Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502. It was, however, a proper cross-examination of the witness, having testified that he did not get the premium in money at the time of delivery of the receipt. It was merely testing the recollection and credibility of the witness before the jury.

■ There was no error in allowing witness Hawkins to testify as agent that he received the first premium of $10 and reported to the company in his regular remittance, saying, without objection: "I had 60 days in which I could keep the receipt." He was then asked: "Well, any time within 60 days that you sent in the money they would take it, is that right?" The defendant objected on the ground that it was incompetent, irrelevant, immaterial, and illegal.

The court overruled the objection, to which action of the court the defendant then and there duly reserved an exception.

The witness answered: "Yes. * * * Any time within 60 days. This policy started on the 26th day of January. The man was killed within that 60 days."

Witness was then asked if "during that time, the time he was killed in," he "still had authority to take the money." 'To which he replied: "Yes."

These objections are without merit. This testimony explained the evidence theretofore given as to his reports and regular remittance of premiums collected or that may be collected on policies. This was no effort to vary the terms of the policy. Moreover, the witness had just testified to the same matter and was properly cross-examined as to it. And there was a provision in the policy to the effect that "subsequent acceptance of a premium by the company or by any of its duly authorized agents shall re-instate the policy, but only to cover loss resulting from accidental injury thereafter sustained." There was no error in cross-examination of said witness.

When the oral charge is considered as a whole, there is no reversible error in the parts to which exception was reserved. And we have indicated there was no error in overruling defendant's motion for a new trial.

As to the ruling on the motion, it may be said that it was and is the contention of appellee that the premium was paid in January, the receipt in evidence duly delivered to assured, and that he gave it to appellee at that time. This fact was denied by the former agent of assured, who testified he never delivered receipts unless he received the money therefor. The check in question was brought into the case by way of defense, as tending to show the transaction was that of an attempted and belated payment by check that was not presented until after assured's death, and was not paid. This original evidence is before us, and the jury were well warranted in believing the words "General Agent" were added in different writing and ink, and that a personal transaction was thus sought to be changed or made equivocal. The fact, however, was for the jury who saw and heard the evidence.

Several decisions in insurance cases are cited on the question of overcoming prima facie proof. In Batson v. Fidelity Mut. Life Ins. Co., 155 Ala. 265, 46 So. 578, 130 Am. St. Rep. 21, the plaintiff admitted that the first premium had not been paid as required by the terms of the contract. And in Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11, it was declared in action on policy containing no acknowledgment of receipt of first premium, but reciting the consideration of the policy as payment of the initial premium at the time of delivery, that uncontroverted evidence of nonpayment of premium rebutting presumption of payment raised by the policy required the affirmative charge with hypothesis; that is, when facts appear by clear and uncontroverted evidence, leaving no ground for reasonable inference to the contrary, that the first premium had not been paid. In that case, the plaintiff held no receipt for the initial payment, the policy did not acknowledge payment, and plaintiff offered no evidence of payment, as was the fact in the instant case.

The jury were told that only two persons were present when premiums were paid, or attempted to be paid—assured and the agent. The tendencies of contradiction of the agent's testimony of nonpayment come from the receipt in evidence, the testimony of assured's wife that it was delivered to her in January by assured, the evidence of the addition of the words "General Agent" in the check of date of March 24, the indorsement thereon, and collection in cash from the café, and the admission of that agent that he never delivered the company's receipts without collection of the premiums. These were such con-

trary tendencies of evidence that made jury questions, and we will not disturb the ruling of the trial court in overruling the motion for new trial.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.