140 So. 427

## GRISWOLD v. DUKE.
### 6 Div. 109.

Supreme Court of Alabama.
March 10, 1932.

Rehearing Denied March 31, 1932.

Harsh & Harsh, of Birmingham, for appellant.

Alvin M. Douglas, of Birmingham, for appellee.

GARDNER, J.

■ The suit was on open account and account stated. The defense was payment. The "daily invoices or tickets" showing the amount due on the account of $78.05 were offered in evidence, and the correctness of said amount was in no manner questioned. If it be conceded the form of the question to plaintiff as to how much he claimed was due was improper, yet under the situation above outlined defendant suffered no injury thereby, and reversible error could not be rested upon the ruling of the court thereon.

■ There was but one issue of fact for the jury's decision, and that was whether or not defendant, in his office on July 2, 1928, paid to an attorney who had the account for collection the amount of said account, and received a receipt in full as defendant's evidence tended to show. The attorney did not testify, and his present location is unknown. Plaintiff testified that he never received the amount of this claim. While defendant's evidence as to payment was not contradicted, yet the testimony afforded ground for adverse inferences, and, in any event, the credibility of the witnesses was one for the jury's determination. Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11; Pelzer v. Mut. Warehouse, 217 Ala. 630, 117 So. 165.

■ It is not contended that it was a case for a directed verdict (McMillan v. Aiken, 205 Ala. 35, 88 So. 135), but the insistence is that the court erred in refusing the affirmative charge with hypothesis requested by defendant, upon the theory the plea of payment was established by the uncontradicted proof. But such in effect is charge 3, given for defendant, followed also by given charges 4 and 5, to the effect that under the undisputed proof the attorney seeking collection was authorized to represent plaintiff, and, if he was paid in full, defendant was entitled to a verdict. These charges could be understood to have but one meaning, that, if you believe defendant's evidence as to payment, the verdict should be in his behalf. The affirmative charge with hypothesis could mean no more, and clearly the question of credibility of the witnesses was one for the jury. Ala. Gr. So. R. R. Co. v. McAlpine & Co., 80 Ala. 73; Davidson v. State, 63 Ala. 432; Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11.

For these reasons no reversible error can be rested upon the refusal of the affirmative charge.

In that portion of the oral charge to which defendant reserved exception, the court did not instruct the jury there was any disputed issue of fact, but merely that the question as to whether or not defendant paid the plaintiff's agent was for the jury to decide, which was consistent with the theory that the credibility of defendant's witnesses was for the jury. Authorities, supra.

■■ Nor can reversible error be rested upon the ruling constituting the eighth assignment of error. The question is properly to be construed as calling for the mental operation of the witness having relation to what the witness said to defendant, which was itself objectionable from a legal standpoint (22 Corpus Juris, 206), and which said statement was elicited by defendant from the witness for the first time on cross-examination and not otherwise. Moreover, it appears that the testimony sought by the question was in substance embraced in other portions of the evidence of the witness as to which there were no objections. We have heretofore stated that the evidence affords a basis for adverse inferences to be drawn by the jury upon the question of payment. We do not consider the exigencies of this case call for a detailed discussion of the proof. Section 10336, Code 1923; Caples v. Young, 206 Ala. 282, 89 So. 460.

Suffice it to say the testimony has been considered with care by the court in consultation, and we are impressed that the case was fairly and impartially tried and with plain instructions by the court as to the sole question for the jury's determination. The trial judge likewise saw and heard the witnesses and declined to disturb the verdict of the jury, and this court, guided by the well-known rule of Cobb v. Malone, 92 Ala. 630, 9 So. 738, is not persuaded that his action in this regard should be here disturbed.

Upon due consideration we find no error to reverse, and the judgment must accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.