140 So. 609

**BANKERS' CREDIT LIFE INS. CO. v. LEE.**

**6 Div. 935.**

Supreme Court of Alabama.

March 24, 1932.

Harsh & Harsh, of Birmingham, for appellant.

W. A. Jacobs, of Birmingham, for appellee.

. BROWN, J.

Action of assumpsit by the beneficiary on a policy of life insurance. The case was submitted to the jury on the first count of the complaint, which follows the form prescribed by the statute (Code § 9531, form 12), except as to the statement of the date of the policy, which is stated as follows: "* * * whereby the defendant *at some time during the last part of the year 1929 or January 1930*, a more definite date being unknown to the plaintiff, insured the life of Ed Lee, who died on the third day of February, 1930." (Italics supplied.)

The defendant demurred to this count on grounds, among others, that "the date when said policy took effect is not averred or shown," and "for aught that appears, the time covered by said policy had expired before the death of said Ed Lee."

■ It must be conceded that the form prescribed by the statute reduces to a minimum, averments necessary to state a cause of action, and we are of opinion that the demurrer was well taken. Schwartz Motor Co. et al. v. Bradley Real Estate & Ins. Co., 220 Ala. 295, 125 So. 26; Jefferson County v. Gulf Refining Co. of Louisiana, 202 Ala. 510, 512, 80 So. 798.

■ We are, however, constrained to hold in this case that this was error without injury, for the reason that it appears without dispute that only one policy had been written in respect to said Ed Lee in which the plaintiff was named as beneficiary, and this policy was in the defendant's possession at the time this suit was filed, and therefore it had knowledge of the date of the policy, and when it took effect.

The authorities justifying the application of the doctrine of error without injury are referred to in the opinion of the court in the case first above cited.

The general issue was pleaded, in short by consent, with leave, etc.

It is without dispute that the policy of insurance offered in evidence was in the hands of the insured before his death, and that the policy was found among his papers after his death by the plaintiff, with a receipt, the contents of which were not known; that Lee died on the 3d day of February, 1930, and on the following day the policy, with proof of death and other papers accompanying the policy, were delivered to the defendant's agent Russell, who signed the confidential report appended to the application for insurance as "T. B. Russell, Vice-Pres., Soliciting Agent."

These papers were mailed by Russell to the defendant, who received them, but declined to accept the proof of death. The policy itself recites: "This policy is issued and accepted in consideration of the application therefor and the payment in advance of the annual premium for the first policy year and annually thereafter as herein provided."

The defendant's major contention on the trial, and here, is that the first premium was never paid, and that the policy was not delivered to Lee during his life, but was through mistake of some one connected with the bank at Childersburg, Ala., through which the transaction was handled, placed in the mails in an envelope addressed to said Lee; said envelope being prepared at the home office in Birmingham and inclosed with the policy when it was mailed to Russell at the Childersburg bank, for the purpose of collecting the premium by the insured.

The evidence offered on the trial strongly tended to support this theory.

There was no affirmative evidence showing payment of the first premium, while there was much evidence offered by the defendant

going to show that said first premium had not been paid.

In rebuttal the plaintiff offered evidence tending to show that the policy came to the insured before his death, through the mails, and that the envelope in which it was inclosed was postmarked in Birmingham, but no evidence was offered by plaintiff showing or tending to show that the initial premium was paid to the home office of the company, and the defendant's evidence shows no such payment was made to the home office.

Assuming that the policy was in force at the death of Lee, February 3, 1930 (a point to be noticed later), the evidence offered by the plaintiff, in chief, showing that the policy was in the possession of the insured at and prior to the time of his death, together with the policy and its recitals, and proof of death, made a prima facie case and shifted to the defendant the burden of going forward with the evidence in support of the defense asserted by it, and on the whole evidence the question as to whether or not the first premium was paid, was one of fact for the jury. Manhattan Life Insurance Co. v. Verneuille, 156 Ala. 592, 47 So. 72; Sovereign Camp, W. O. W. v. Burrell, 204 Ala. 210, 85 So. 762.

The affirmative charge was therefore well refused, and assignments of error predicated on exceptions to the oral charge of the court are not sustained.

While under the issues and the peculiar facts of this case, evidence going to show that the insured was without ability to pay the premium required to put the policy in force was admissible (Winter v. Pollak, 188 Ala. 153, 66 So. 11), the question to the witness Russell on his direct examination, "Did he ever have anything that you know of, anywhere, any property?" was too general in its scope to put the court in error for sustaining the objection thereto.

We have examined the other assignments of error in respect to the rulings on evidence, and find nothing therein that would justify a reversal of the judgment.

After allowing all reasonable presumptions of the correctness of the verdict of the jury under the evidence in this case, we are at the conclusion that the preponderance of the evidence against the verdict is so decided that it should have been set aside and a new trial awarded. The court erred in overruling the motion for a new trial. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

Inasmuch as the case must be reversed, there is another point in the case, not noticed by counsel, and we deem it proper to call it to their attention. That is, the record before us contains a photostatic copy of the policy sued on, and in the face of the policy it is stipulated: "This policy is dated January 11, 1931, *at which time the first policy year begins* and from which date subsequent policy years shall be reckoned." (Italics supplied.) This being a photostatic copy, it cannot be assumed that this date resulted from typographical error in transcribing, and if it is correct, the policy was not in force at the date of Lee's death, and plaintiff should not recover. If this is a mistake of fact, and it can be corrected by proper pleadings and proof, a question which we do not undertake to decide, it should be done on the trial to follow.

For the error noted, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.