162 So. 545

**UNITED BEN. LIFE INS. CO. v. DOPSON.**

**3 Div. 759.**

Court of Appeals of Alabama.
April 16, 1935.

Rehearing Denied June 4, 1935.

London, Yancey, Smith & Windham and J. K. Jackson, all of Birmingham, for appellant.

R. S. Hill, Jr., and John L. Goodwyn, both of Montgomery, for appellee.

RICE, Judge.

But a single question is presented for our consideration on this appeal—the propriety, vel non, of the trial court's action in setting aside, on appellee's timely motion, the verdict of the jury in appellant's favor and the judgment rendered thereon.

The suit was by appellee against appellant, based upon a policy of insurance issued by appellant on the life of Tennyson Dopson, with appellee named as beneficiary therein.

The complaint consisted of but a single count, in Code form. Code 1923, § 9531, form 12. The plea was "the general issue and with leave to give in evidence any evidence that might have been specially pleaded and with like leave to the plaintiff."

Plaintiff (appellee) made out, on the trial, her prima facie case for recovery by introducing testimony showing: (1) The death of the assured; (2) notice to defendant (appellant); (3) and by the introduction into the evidence of the policy sued on, which was in her possession. Union Mut. Ins. Co. v. Peavy, 24 Ala. App. 116, 133 So. 302.

Appellant sought to defeat recovery on the policy by the introduction of testimony tending to show that it had been forfeited by the nonpayment of premiums. Well, this was strictly defensive matter, and the burden was upon appellant to make good its contention. Union Mut. Ins. Co. v. Peavy, supra; Pilot Life Ins. Co. of Greensboro, N. C. v. Hawkins, 222 Ala. 218, 131 So. 889; Sovereign Camp, W. O. W., v. Carrell, 218 Ala. 613, 119 So. 640.

We have carefully examined the testimony in the bill of exceptions and are of the opinion and hold that there was at least a scintilla of evidence supporting appellee's claim on the trial, if, indeed, her prima facie case above referred to was not sufficient in this regard. Hence it was proper that the learned trial judge submit, as he did, in the first instance, the issue raised to the jury. Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

But he should have done so under correct instructions as to the law governing their consideration of the testimony.

454

The said judge charged the jury orally, in part, as follows:

(a) "Now, this presents a question of fact for you to determine from all the evidence in the case, the burden being on the plaintiff to reasonably satisfy you twelve men that the policy was in force and effect on February 4th when the assured, Tennyson Dopson died, and that it was kept in force and effect by the money-order payment of January 18th for $6.34."

. (b) "The burden being on the plaintiff to reasonably satisfy you twelve men that the policy was in force and effect on February 4th when the assured, Tennyson Dopson died."

Due exception was reserved to each of the above-quoted excerpts from the said oral charge, and in each instance the same was erroneous. Authorities hereinabove.

The giving of each said quoted excerpt from the oral charge being made a separate ground for the motion by appellee to set aside the verdict returned against her, it was altogether right and proper that said motion should be granted, as it was.

What we have said hereinabove indicating that the action of the trial court complained of should be sustained, we deem it unnecessary to treat the other matters discussed in the briefs of counsel. They seem to present no new or novel questions.

The judgment is affirmed.

Affirmed.