169 So. 287

UNITED BEN. LIFE INS. CO. v. DOPSON.

3 Div. 182.

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied July 16, 1936.

Smith, Windham, Jackson & Rives, of Birmingham, for appellant.

R. S. Hill, Jr., and John L. Goodwyn, both of Montgomery, for appellee.

GARDNER, Justice.

Suit on a life insurance policy wherein plaintiff, the mother of the insured (Tennyson Dopson) was the named beneficiary.

On former appeal (United Benefit Life Ins. Co. v. Dopson, 26 Ala.App. 452, 162 So. 545), it was observed that plaintiff had made out her prima facie case upon introduction of the policy in her possession, with proof of insured's death, and notice to defendant company, and that the burden was then placed upon defendant to establish its defense of forfeiture for nonpayment of the premium. These observations are applicable here, and state the well-recognized rule. Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11; Pilot Life Ins. Co. v. Hawkins, 222 Ala. 218, 131 So. 889; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Bankers' Credit Life Ins. Co. v. Lee, 224 Ala. 398, 140 So. 609; Mutual Life Ins. Co. v. Maddox, 221 Ala. 292, 128 So. 383.

The premiums were payable quarterly, and the case involved but a single question —whether or not the last quarterly premium was paid. Undisputedly, the insured by post office money order issued January 18, 1933, paid to F. C. Petree, agent for defendant, located in the city of Montgomery, the amount of $6.34, which was the exact sum due on this policy as a premium for the last quarter.

Defendant insists this sum was due by insured on note executed to said Petree in October preceding, when the latter accepted it in satisfaction of that particular quarterly .payment, and remitted out of his individual funds to the company the net amount due it after deducting his commission, and that the said money order was in payment of said note and not in satisfaction of any premium. Petree, his wife, and son constituted the office force of defendant in Montgomery and testified in corroboration of F. C. Petree's testimony to this effect.

█ Not only had plaintiff made out her prima facie case, as previously noted, but her case was strengthened by the further proof of a remittance by the insured to defendant's agent within the required time to keep alive the policy of the exact amount due for the last quarterly premium. And whether or not such was its purpose, and the premium paid thereby were clearly questions for the jury's consideration (Bankers' Credit Life Ins. Co. v. Lee, supra; Commonwealth Life Ins. Co. v. Barr, supra; McMillan v. Aikin, 205 Ala. 35, 88 So. 135), and the affirmative charge was therefore properly refused.

█ The question arising from the denial of the motion for a new trial on the ground that the verdict was contrary to the great weight of the evidence is not free from difficulty, and has been considered with due care. The testimony of the three witnesses for defendant, the agent, his wife, and son, still representing defendant, though now operating in another state, has left room for criticism and argument to the jury as to its trustworthiness, with special reference to the destruction of the file of papers, which contained a copy of a letter returning insured's note, as well as insured's letter inclosing remittance, all of which would have furnished conclusive proof as to the purpose of the remittance. But of all the files in the office, this alone was destroyed. These witnesses were interested, Petree's long years in defendant's service, with defendant's secretary at the home office testifying this quarterly payment was never received there. We are inclined to the view that the opportunity of the trial judge to note the demeanor of these witnesses on the stand was of much value under all the circumstances here shown, though not all discussed, Nashville, Chattanooga & St. Louis Ry. v. Crosby,

194 Ala. 338, 70 So. 7, and under the well-recognized rule by which we are governed in questions of this character (Cobb v. Malone, 92 Ala. 630, 9 So. 738), we are at the conclusion that the case is not one calling for disturbance of the ruling denying the motion for a new trial.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.