.83 So.2d 288

**INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY OF JACKSONVILLE, FLORIDA,**

v.

**Irene CANNON.**

**6 Div. 673.**

Supreme Court of Alabama.

Nov. 10, 1955.

566

H. T. Fitzpatrick, Jr., Montgomery, for appellant.

Chas. W. Nolen and C. M. Holder, Fayette, for appellee.

LAWSON, Justice.

This appeal is prosecuted from a judgment in the lower court in favor of the plaintiff, Irene Cannon, against the defendant, The Independent Life and Accident Insurance Company of Jacksonville, Florida, a corporation.

The suit is based on a policy of insurance issued by the defendant on the life of plaintiff's husband, Tymes Cannon, wherein plaintiff is named as the beneficiary. The policy contains a provision for double indemnity in case of accidental death.

In her complaint plaintiff claimed the sum of $2,000 alleging that the insured died by accidental means on August 24, 1952.

The defendant filed a written plea of the general issue in short by consent in the usual form and with the filing of the plea paid into court the sum of $5.44, the amount of the last premium paid on the policy.

▉ Plaintiff made out a prima facie case for recovery by introducing evidence going to show: (1) the death of the insured by accidental means; (2) notice to defendant; and (3) by the introduction of the policy of insurance. United Ben. Life Ins. Co. v. Dopson, 232 Ala. 625, 169 So. 287, and cases cited; Life Ins. Co. of Virginia v. Mann, 28 Ala.App. 425, 186 So. 583, certiorari denied 237 Ala. 253, 186 So. 586.

The policy sued on was issued in March of 1952. It provides for payment of a weekly premium of sixty-eight cents and contains the following provisions:

"Payment of Premiums—If, for any reason, the Agent shall not call for the premium when due, the Insured shall be required to pay the premium at the Branch Office of the Company or remit same directly to the Home Office. In event of the Insured's failure to perform this duty within four weeks from date on which said premium was due, this Policy shall thereupon become void and all premiums paid hereon shall be forfeited to the Company, except as herein provided. A discount of 5% will be allowed on all Quarterly, Semi-annual or Annual premiums paid in advance.

"Period of Grace—A grace period of four weeks will be granted for the payment of every premium, after the first, during which time the Insurance will continue in force. The grace period shall be determined by the last premium due and receipted for by any authorized agent of the Company.

"Reinstatement—If this Policy be lapsed for non-payment of premiums and no surrender value has been taken, it will be reinstated, within one year from the date to which premiums have been duly paid, upon written application of the Insured and upon payment of all arrears and the presentation of evidence of insurability of the Insured, satisfactory to the Company, but the reinstatement shall not beome effective and the Company assumes no liability for premiums paid by any one on lapsed policies except that at the time of such payment the Insured is alive and in sound health. In all such cases to the contrary, the Company agrees to return to the Insured or Beneficiary such premiums paid out of the grace period."

The defendant sought to defeat recovery by the introduction of testimony tending to show that at the time of the death of the insured the policy had been forfeited by the nonpayment of premiums.

The jury by its verdict found against the defendant and on motion for new trial the trial court sustained this finding.

■ The issue of forfeiture was strictly defensive matter and the burden was upon the defendant to make good its contention in that respect. Pilot Life Ins. Co. of Greensboro, N. C. v. Hawkins, 222 Ala. 218, 131 So. 889; Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640; United Ben. Life Ins. Co. v. Dopson, 26 Ala.App. 452, 162 So. 545, certiorari denied 230 Ala. 660, 162 So. 546.

The insured was injured on August 22, 1952, at which time some weekly premiums were past due. On the following day, August 23, 1952, the insured's employer paid to defendant's agent, Leamon Maddox, the sum of $12.24, part of which sum was to be used in the payment of the premiums then due.

Evidence for the defendant was to the effect that on the day the employer made the payment mentioned above, the four-weeks grace period provided in the policy had expired. Such evidence was adduced in the main by the testimony of the defendant's district manager, Robert C. Westmark. His testimony wase based primarily on his interpretation of the company's records which, although kept under his direction and supervision, had been actually made by the agent Maddox or his immediate superintendent, Lawrence. The records upon which Westmark based his testimony were introduced in evidence.

The plaintiff did not have in her possession the receipt book which had been delivered by the defendant company at the time of the issuance of the policy and in which the date and amount of payments had been recorded for some weeks. According to the plaintiff, the receipt book had been blown away in a storm and since that time she had been given receipts, only two of which she had retained. This witness stated in rather general terms that she had made other payments within three weeks prior to the date of the accident for which she had no receipts. However, her testimony in this regard is considerably weakened by her statements made on cross-examination to the effect that she was not exactly sure as to when the last payment had been made prior to the date of the injury.

Leamon Maddox, who as shown above was an agent of the defendant company at the time the insured was injured, but who was not so employed at time of trial, was called as a witness on behalf of the plaintiff. His testimony is to the effect that he made most of the entries in the records of the company which had been referred to by the witness Westmark; that according to his interpretation and understanding of the

568

entries in that record, the four-weeks period of grace prescribed in the policy had not expired prior to August 23, 1952, the day on which the insured's employer made the last payments to this witness.

We will not undertake here to explain in detail the records introduced in evidence by the defendant. Some of the entries are in red pencil, others in blue pencil, and others seem to have been made by an ordinary lead pencil. There are diagonal lines, vertical lines, horizontal lines, and arrows, all of which are apparently used, along with the different colors, to indicate some meaning. The district manager, Westmark, and the agent Maddox sought to explain such entries, but they were not in accord as to the proper interpretation to be placed on them.

We are of the opinion that under the evidence a question for jury decision was presented as to whether the four-weeks period of grace provided in the policy had expired prior to the time the last payments were made to Maddox, the then agent of the defendant, on August 23, 1952. But that issue should have been submitted to the jury under correct instructions.

The oral charge of the court makes scant reference to the question of forfeiture, the real defense interposed by the defendant company. No mention is made therein of the exact provisions of the policy relating to forfeiture, nor did the trial court instruct the jury at all relative to the matter of reinstatement. Accordingly, we are of the opinion that the defendant's written charges 3 and 6 should have been given and that the refusal to give those charges is error to reverse.

In view of this holding, we deem it unnecessary to consider the other assignments of error which are argued in appellant's brief.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.