87 So.2d 548

**Mrs. Carlie STEWART and Leola S. Ogletree**

v.

**Arthur WEAVER.**

**3 Div. 743.**

Supreme Court of Alabama.

May 10, 1956.

same in a good state of repair; * * * and see that the said property is rented for not less than Twelve Dollars ($12.-00) per month during the life of the grantor; in the event that the property should be unrented at any time, or the said grantee shall fail to collect the rent thereon, the grantee is to pay to the * * * grantor the sum of Twelve Dollars ($12.00) per month during such time as the property shall not be rented or such time as the grantee shall not collect the rent."

An express forfeiture clause followed the above recited conditions.

Mary Mantel, during her lifetime, entered on the probate records of the county an instrument seeking to declare a forfeiture of the conveyance, because allegedly Weaver failed to comply with the above quoted conditions.

By the terms of the deed grantee Weaver was required to perform the conditions only during the lifetime of grantor Mantel. Approximately eight (8) months after the conveyance, Mantel, as stated, attempted to declare or invoke a forfeiture.

This is an appeal from a final decree in which the trial court granted relief to the complainant, Weaver, cancelling the attempted instrument of forfeiture. The relief granted was based on a finding by the trial court of a substantial compliance by the grantee, Weaver, with the conditions subsequent expressed in said deed. Appellants claim title to the property in question under the terms of the will of the grantee, Mary Mantel.

H. C. Rankin, Brewton, for appellants.

Brooks & Garrett, Brewton, for appellee.

SIMPSON, Justice.

Mary Mantel, now deceased, executed and delivered a deed of conveyance of certain real estate to appellee, Arthur Weaver, reserving to herself the life estate. The deed contained the following clause:

"The grantee shall put in a good state of repair the dwelling house located on the * * * property and shall keep the

The issue, as framed by the pleadings, was whether or not the grantee had performed the foregoing conditions subsequent contained in the deed.

Appellants, in assignments of error 15, 16 and 17, raise the question of the sufficiency of the evidence to sustain the court's finding. The case was tried by the court, ore tenus. His findings, therefore, will not be disturbed unless plainly and palpably wrong. Turner v. Turner, 261 Ala. 129, 73

So.2d 549; McSwean v. McSwean, 204 Ala. 663, 86 So. 646.

 Conditions subsequent are not favored in the law and they are strictly construed as they tend to the destruction of estates. Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 So. 858, 9 L.R.A.,N.S., 663; Seaboard Air Line R. Co. v. Anniston Mfg. Co., 186 Ala. 264, 65 So. 187; 3 Thompson on Real Property, §§ 1957, 1958. "A substantial performance of the condition discharges it, and it is for the jury to say whether the condition has been in substance performed." Thompson on Real Property, supra. Yazoo & M. V. R. Co. v. Lakeview Traction Co., 1911, 100 Miss. 281, 56 So. 393, 396; 1 Tiffany Real Property, 335. Nor does the law look with favor upon forfeitures. Yazoo & M. V. R. Co. v. Lakeview Traction Co., supra. And where no time limit is fixed by the deed, the performance of the condition must be within a reasonable time; what amounts to a reasonable time is a question of fact. Seaboard Air Line R. Co. v. Anniston Mfg. Co., supra.

With the above guiding legal principles a review of the evidence will be made.

 There was evidence of repairs to the house by appellee prior to and following the grantor's attempted forfeiture. The evidence shows that the grantee spent approximately $100 on repairs and that he received approximately $100 in rent prior to said attempted forfeiture. The evidence shows that the grantor received from the grantee $12 a month from the time of the conveyance until her death. The undisputed evidence shows that the house was continuously rented; the testimony of some of the tenants shows that repairs were made by the appellee. The evidence also shows that the tenants continued to pay rent to the appellee —and this after the grantor instructed them to pay said rent to her. Appellee testified that neither the grantor nor the tenants complained to him that the house was not in good condition. We have not attempted to set out all the evidence. The above recital is sufficient to show that the trial court's findings relative thereto are not plainly and palpably wrong. Appellant takes nothing therefore by assignments of error 14, 16 and 17.

 That we may not be committed to a holding outside the scope of the issue in the case at bar, viz., performance vel non of conditions subsequent by the grantee, the following observations are made. The estate (estate upon a condition subsequent) conveyed to the grantee is not divested merely by the grantee's breach of the condition, but continues until "'the grantor * * * take[s] advantage of the breach of the condition, and make[s] an entry or claim in order to avoid the estate.'" Sherill v. Sherill, 211 Ala. 105, 99 So. 838, 839. We pretermit decision of whether the grantor elected to forfeit or elected to refrain from forfeiture, i. e., whether the grantor's method of invoking a forfeiture amounted to an election to forfeit, i. e., a re-entry, or whether the grantor's action in accepting rents until her death and permitting the grantee to make improvements after the alleged breach amounted to a loss of the power to declare a forfeiture by a waiver thereof. See 1 Simes Law of Future Interests, § 170.

 Whether or not the grantor *asked* the grantee if he were *able* to put a roof on the house and make the repairs was immaterial on the issue of whether or not the conditions of the deed were broken. Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389.

 An error in excluding evidence as to a certain fact is harmless where the fact is established by other evidence. Ginsberg v. Haas, 220 Ala. 308, 124 So. 875; Dees v. People's Bank, 200 Ala. 543, 76 So. 901; Griswold v. Duke, 224 Ala. 402, 140 So. 427. The financial condition of the grantor at the time she made the deed—if conceded to be pertinent—was proved by the testimony of Carlie Stewart and Ed Leigh McMillan and not denied, hence there was no error in refusing such proof by other witnesses (assignments 3, 8 and 10).

 Appellants argue assignments of error 4 and 5 in bulk. When this is done, if any assignment be without merit

the others will not be considered. Gilliland v. Dobbs, 234 Ala. 364, 174 So. 784. The refusal to allow evidence of the reasonable rental value of the house from the date of the grantor's death is the basis of assignment of error 5. Other evidence—if conceded to be relevant—establishing this fact was admitted and not disputed. This assignment, therefore, cannot be sustained. Ginsberg v. Haas, supra; Griswold v. Duke, supra; Dees v. People's Bank, supra. This being true, assignment of error 4 fails also.

 Appellants complain of the refusal of the trial court to allow a witness to read the contents of a letter. Without deciding whether this was error, appellants were not prejudiced by this action; the letter itself was a part of the evidence.

Assignment of error numbered 7, not argued sufficiently in brief, will not be considered. See Volunteer State Life Ins. Co. v. Danley, 33 Ala.App. 543, 36 So.2d 123; Howell v. Moon, 217 Ala. 421, 116 So. 518.

Where the question does not show on its face what is the expected answer, it is necessary that attention be called to the proposed answer and that the answer be relevant evidence, to invoke a review of the trial court's sustaining of an objection interposed thereto. See Burnett v. Garrison, 261 Ala. 622, 75 So.2d 144. Assignment of error numbered 9 is therefore without merit.

Appellants complain of the action of the trial court in refusing to allow a witness to testify as to statements by the deceased grantor to the witness to the effect that the appellee had failed to make repairs. This evidence was inadmissible as hearsay. See Napier v. Elliott, 177 Ala. 113, 58 So. 435; Reeves v. Reeves, 1922, 207 Ala. 362, 92 So. 551.

The refused evidence which is the basis of assignment of error 12 (amount of rent grantor was to receive) was embraced in other admitted evidence; reversible error cannot therefore be assigned as to this ruling. Appellants argue assignments 12, 13 and 14 together. One being without merit,

appellants cannot avail themselves of the others. Gilliland v. Dobbs, supra.

We find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and SPANN, JJ., concur.