Two sisters are litigating over a family heirloom, an antique four-piece silver tea set. This is the latest of several cases that have been filed involving the sisters and the tea set.
The trial court rendered the following judgment:
"ORDER
 "The Plaintiff in the above cause filed her Petition seeking Judgment for an undivided one-fourth interest in the property described therein and damages against the Defendant, Olga Porter, for wrongful detention; and thereafter amended her Complaint, averring in the alternative that the said property, namely an American coin, silver four-piece tea service, could not be equitably divided between the appropriate owners, and seeking the sale thereof at public auction for division of the proceeds between the parties. The amendment also added as parties defendant Yvonne Lyons Sparkman and Jeanette Lyons Riley.
 "The Defendants, Yvonne Lyons Sparkman and Jeanette Lyons Riley aver in their Answer to the Complaint that the tea set was wholly owned by the Defendant, Olga Porter, and for the purpose of this action confirmed that any undivided interest which they may have owned was vested in the said Olga Porter and thus disclaimed any further interest therein by virtue of an alleged Louisiana Judgment of February 18, 1983, upon which the Plaintiff bases her case.
 "Thereafter, the Defendant, Olga Porter, filed her notice of the desire to purchase the tea set under the provisions of *Page 300 
[Sections] 35-6-100 and 35-6-101 of the Code of Alabama of 1975, as amended.
 "This Court found that the Judgment of the Civil District Court for the Parish of Orleans, State of Louisiana, dated February 18, 1983, was due to be accorded standing in this Court, and found that the Plaintiff, Deborah Lyons, was the owner of an undivided one-fourth interest in the tea set and that Olga Porter was the owner of an undivided three-fourths interest in the said tea set. Thereafter, this Court appointed James Key as a qualified appraiser for the purpose of establishing the value of the tea set and the testimony of Mr. Key was taken in open Court. Mr. Key testified generally to the value of the property but declined to make a specific oral or written appraisal of the value. Thereafter, this Court appointed Roger D. Butler and Betty Callaway, both qualified appraisers, as Commissioners to assess the value of the set. Their written report was submitted to this Court as provided in Section 35-6-101 of the Code of Alabama of 1975, as amended.
 "This matter now being submitted to the Court for Final Judgment, the Court does hereby set the price of $8,500.00 as a fair market value for said tea set, and fixes the value of the Plaintiff's interest therein at $2,125.00.
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court as follows:
 "1. Upon payment into the Court by the Defendant, Olga Porter, of the sum of $2,125.00, the Clerk shall execute and deliver, or cause to be executed and delivered, the proper instruments transferring title of said tea set to the purchaser, Olga Porter.
 "2. In the event said Olga Porter fails to pay into Court the value of the interest of the Plaintiff as herein specified within thirty days from entry of this Judgment, jurisdiction of this cause is retained for further proceedings by this Court.
 "3. The parties hereto shall pay the costs of this proceeding; one-fourth by the Plaintiff, Deborah Lyons, and three-fourths by the Defendant, Olga Porter; for which execution may issue."
The plaintiff timely appealed after her motion for a new trial or to alter, amend, or vacate the judgment was overruled. We affirm.
The plaintiff argues that, since the original record on appeal does not disclose that the defendant paid the $2,125 within thirty days after the judgment as is required by §35-6-102, Ala. Code 1975, the trial court committed reversible error by not selling the tea set at public auction. An error cannot be considered on appeal if the record does not disclose the facts upon which the alleged error is based. Holsonback v.Holsonback, 518 So.2d 146 (Ala.Civ.App. 1987). Here, the original appellate record did not reveal whether the payment was timely made, and we affirm on that basis alone. Parenthetically, we note that an affidavit of the circuit clerk was subsequently filed in this court. It discloses that the defendant paid the $2,125 into the circuit court on January 26, 1988. The judgment was entered by its filing on December 29, 1987. If that affidavit, which is not controverted, be considered to constitute a supplemental record, the payment of the defendant was made within the specified thirty-day period.
The plaintiff contends that the trial court heard no testimony that the tea set could not be equitably divided and, therefore, erred in ordering its sale to the defendant.
Sections 35-6-100 through 35-6-104 authorize such a sale and provide an option whereby nonconsenting interest holders may purchase the interests of those seeking a sale without the property being offered to public bid if the tenants in common or joint owners who seek to purchase the property comply with the statute. Here, there was compliance by the defendant. Therefore, under the provisions of § 35-6-103, the traditional practices as to sales for a division do not apply and there was no need to require such proof. Also, the plaintiff averred in her amended complaint that the tea set could not be equitably *Page 301 
divided and that averment has never been contested nor controverted by the defendant. For the above reasons, we find no merit as to this issue of the plaintiff.
It is argued on behalf of the plaintiff that the commissioners' costs are required by § 35-6-104 to be taxed against the party purchasing the other interests but that the trial court taxed one-fourth of the costs of the proceeding to the plaintiff. The post-judgment motion of the plaintiff did not contain any objection to the taxing of the costs, and this issue is raised for the first time on appeal. "If it had been intended to raise that question in this court, the question should have been made in the court below, either by a motion to re-tax the costs, or in some other mode." Faulkner v. Chandler,11 Ala. 725, 729 (1847).
It is next argued, in substance, that a jury should have determined the plaintiff's damages from the defendant for her wrongful detention of the tea set. As the case progressed, there was no real issue over title to the tea set. While the plaintiff here attempts to keep alive a claim for wrongful detention, one tenant in common may not bring an action of detinue or trover against another tenant in common to recover the property. Reeves v. Reeves, 207 Ala. 362, 92 So. 551
(1922); Smith Co. v. Rice, 56 Ala. 417, 425 (1876). We find no error here.
The last argument of the plaintiff concerns whether the trial court violated § 35-6-101 by accepting the appraisals of the last two commissioners because they allegedly failed to submit their appraisals within thirty days of their appointment. It cannot be ascertained from the record as to when the trial court appointed the two commissioners, hence we cannot guess the trial court into a reversal. Holsonback,518 So.2d at 147. Additionally, that problem was not raised in the plaintiff's Rule 59, Alabama Rules of Civil Procedure, motion, and it is presented for the first time on this appeal.
The plaintiff also argues under that last issue that she should have been permitted to present evidence and to cross-examine the commissioners. The appraiser who was first appointed testified and was cross-examined, but he would not place a value on the tea set. Thereupon, the trial court determined to appoint other commissioners. They were subsequently appointed on an undisclosed date, and they made and filed a detailed written report. Appraisals are mandated under § 35-6-101, and we are not convinced that the trial court abused its discretion in accepting the appraisal of its two appointed commissioners. Ex parte Thompson, 474 So.2d 1091
(Ala. 1985).
Having determined that none of the issues which were raised by the plaintiff justifies a reversal, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.