YATES, Judge.
The parties were divorced by the Circuit Court of Mobile County on October 10, 1991. By agreement, the mother was awarded custody of the parties’ minor child, with the father having scheduled visitation. The father was ordered to pay $637.81 per month as child support.
On September 24, 1992, the father filed a petition for a rule nisi, seeking enforcement of the ordered visitation. The mother counter-petitioned to modify the divorce judgment, seeking to have the father pay the private school tuition of the minor child. Following a hearing, the trial court affirmed all visitation as previously ordered. Additionally, although it did not order the father to pay “private school education” costs, the court ordered the father to pay 70 percent of all day care costs “as additional child support.” The father appealed, contending that the mother failed to show a material change in circumstances to justify an increase in child support.
On April 18, 1994, this court remanded the ease to the trial court for compliance with Rule 32, Ala.R.Jud.Admin. On June 2, 1994, the trial court amended its order, again ordering the father to pay 70 percent of the day care costs, and submitted to this court the proper child support guideline forms.
The mother was employed by the Mobile County Health Department, earning a gross monthly income of $2,148. She also worked part-time during the father’s visitation with the child, earning $563 per month. The father was employed by International Paper, earning a gross monthly income of $5,098. He testified that his monthly income had increased by approximately $150 since the time of the divorce.
The mother testified that the minor child’s needs had increased since the time of the divorce because the child was attending a private school and that she had to work more than one job in order to pay the costs of a private school education. Tuition there was $3,182 per year and the pre-care and aftercare program was an additional $750 per year. Child support may be modified upon proof of a change of circumstances. Such a modification is a matter well within the sound discretion of the trial court, and its judgment will not be reversed unless it is found to be plainly and palpably wrong. Kellum v. Jones, 591 So.2d 891 (Ala.Civ.App.1991).
In its order of June 2, 1994, the trial court noted that the 70 percent of work-related day care costs that it had ordered the father to pay was “relatively a small'amount of additional money to ask the father to pay in light of the benefits that the child receives.” We conclude that it was reasonable to require the father to pay a portion of costs of day care for the child.
The father further contends that the trial court erred in requiring him to pay 70 percent of the cost of day care, alleging that the original child support obligation included an amount for day care costs. Nothing in the record indicates how the original calculation of child support was made, or if the cost of work-related day care was considered in that calculation. Further, the trial court found, “There was nothing in the record to show that [the father] was currently paying a percentage of any day care costs.” Allegations of error cannot be considered on appeal if the record does not disclose the facts upon which the alleged error is based. Lyons v. Porter, 539 So.2d 298 (Ala.Civ.App.1988). We cannot say that the trial court abused its discretion. The mother’s request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.